ON APPLICATION FOR REINSTATEMENT
PER CURIAM.*
| iThis proceeding arises out of an application for reinstatement filed by petitioner, Kerwin W. Doyle, an attorney who is currently suspended from the practice of law in Louisiana.
UNDERLYING FACTS AND PROCEDURAL HISTORY
In 1993, this court transferred petitioner to disability inactive status as a result of his long history of alcoholism and drug addiction. At that time, the Office of Disciplinary Counsel’s (“ODC”) investigation of the numerous complaints it had received against petitioner was stayed. Thereafter, petitioner entered a long-term substance abuse treatment program and achieved sobriety. On December 8, 2000, as the result of a joint petition by the parties, petitioner was transferred from disability inactive status to interim suspension. In re: Doyle, 00-3022 (La.12/8/00), 774 So.2d 117. This action allowed disciplinary proceedings against petitioner to resume.
In 2007, the ODC filed twelve counts of formal charges against petitioner, alleging that he converted client and third-party funds, settled cases without the approval of his clients, failed to communicate with his clients, and neglected their legal matters. For this misconduct, we suspended petitioner from the practice of | Jaw for three years, retroactive to his December 8, 2000 interim suspension. In re: Doyle, 07-2015 (La.4/4/08), 978 So.2d 904. We further ordered petitioner to make restitution to his clients and to repay the Louisiana State Bar Association’s Client Assis *282 tance Fund any amounts paid to claimants on his behalf.
In 2011, petitioner filed an application for reinstatement with the disciplinary board, alleging he has complied with the reinstatement criteria set forth in Supreme Court Rule XIX, § 24(E). With his application for reinstatement, petitioner included proof that he has made restitution to his clients and the Client Assistance Fund in accordance with our prior order. Petitioner also submitted numerous letters from former clients and colleagues and various members of the community, all in support of his reinstatement to the practice of law.
The ODC took no position regarding the application for reinstatement. Accordingly, the matter was referred for a formal hearing before a hearing committee.
Following the hearing, the hearing committee recommended petitioner be reinstated to the practice of law, subject to the condition that he not be permitted to sign trust account checks for a period of one year. Neither petitioner nor the ODC objected to the hearing committee’s recommendation.
DISCUSSION
Petitioner has servéd the three-year suspension imposed by this court in 2008, and no objections were received to his application for reinstatement. Based upon the record before us, we find petitioner has met his burden of proving that he is entitled to be reinstated to the practice of law. Nevertheless, we find further precautions are warranted to insure that the public will be protected upon petitioner’s return to practice. See Supreme Court Rule XIX, § 24(J). Accordingly, we will order that petitioner be conditionally reinstated, subject to a | gone-year period of supervised probation. During the period of probation, petitioner may not operate a solo law practice, but rather, must be a salaried employee of a law firm. Furthermore, petitioner shall have no access to client funds during the probationary period, nor shall he have signature authority on the financial accounts maintained by his employer, including any operating or client trust accounts. Finally, petitioner must extend his current contract with the Lawyers Assistance Program (“LAP”) for a period of five years and fully comply with the terms and conditions thereof.[1] Should petitioner fail to comply with these conditions, or should he commit any misconduct during the period of probation, his conditional right to practice may be terminated immediately or he may be subjected to other discipline pursuant to the Rules for Lawyer Disciplinary Enforcement, as appropriate.
DECREE
Upon review of the recommendation of the hearing committee, and considering the record, it is ordered that Kerwin W. Doyle, Louisiana Bar Roll number 5062, be immediately reinstated to the practice of law in Louisiana, subject to the conditions set forth herein. All costs of these proceedings are assessed against petitioner.

 Chief Justice Kimball not participating in the opinion.

. Petitioner’s current LAP contract expires on July 11, 2012. The five-year extension that is a condition of petitioner’s reinstatement will subject him to monitoring by LAP until mid-2017.